

**U.S. Department of Justice**

***Carmen M. Ortiz***
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

April 17, 2012

**Via ECF and E-Mail**
Martin F. Murphy, Esq.
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210

Re: U.S. v. Prange et al., 11-CR-10415-NMG

Dear Mr. Murphy:

We are in receipt of your letter of April 3, 2012. As an initial matter, we do not accept your letter's characterization on pages 1 and 2 of the "Investigation"—and therefore documents sought "relat[ing] to the Investigation"—as encompassing activities by all of the agencies that you list. Thus, while we have endeavored to respond to your requests as a general matter, we do not purport to address materials that agencies other than the United States Attorney's Office for the District of Massachusetts and the Federal Bureau of Investigation have within their custody and control. With that in mind, we have addressed each of your enumerated paragraphs below.

A.1. As a courtesy, we have already provided copies of e-mail correspondence between the defendants, the undercover agent and others. Also as a courtesy, we intend to provide copies of certain documents reflecting wire transactions charged in the Superseding Indictment as well as copies of stock certificates and envelopes.

As we advised by letter dated February 14, 2012, you may contact us to set up a mutually agreeable time to review the remaining materials referenced in Section A.3 of that letter. If you would like copies of these additional materials, you may coordinate use of a vendor, at shared expense, to make such copies.

A.2. As you note, we have previously produced to you a preliminary written description of consensual interceptions. If you find that the CDs previously produced do not contain a recording listed, please notify us and we will look into the matter.

A.3. LS100179 and 181 were recorded on July 11, 2011. LS00181, 182, 183, 184 and 185 were recorded on July 13, 2011. There is no better recording of the telephone call identified as 122718-122833_001.

A.4 We have previously produced to you consensual recordings of meetings and telephone calls involving the defendants in the Superseding Indictment. We are unsure what further recordings you seek through this request, as we consider the request for "all other" recordings that "relate to the Investigation" to be vague, overbroad, and beyond the scope of discovery contemplated by Federal Rule of Criminal Procedure 16 and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts (the "Local Rules").

A.5. Pursuant to Local Rule 116.4(b), we will provide copies of composite audio and/or video recordings as well as transcripts that the government intends to use at trial if and when those materials are prepared.

B.1. As you know, we have already produced audio and video recordings that include the defendants in the Superseding Indictment. At this time, we are unaware of any logs documenting surveillance of the defendants in the Superseding Indictment. In the event that we become aware of such surveillance logs, we will provide you with copies of the same. The remainder of this request is vague, overbroad, and beyond the scope of discovery contemplated by Rule 16 and Local Rule 116.2.

B.2. This request is beyond the scope of discovery contemplated by Rule 16 and Local Rule 116.2.

B.3. This request is beyond the scope of discovery contemplated by Rule 16 and Local Rule 116.2.

B.4 We will provide copies of materials identifying "Seafin Capital LLC" that were provided to Berman or the other defendants. To the extent this request seeks materials related to Seafin Capital LLC that were not provided to the defendants, the request is beyond the scope of discovery contemplated by Rule 16 and Local Rule 116.2.

B.5 Certain bank records are among the materials that have been made available for your review. Please contact us to set a mutually agreeable time for you to inspect these materials and/or arrange for a vendor to copy them.

B.6. Such documents are among the materials that have been made available for your review. Please contact us to set a mutually agreeable time for you to inspect these materials.

B.7. We are at a loss as to how Rule 16 or Local Rule 116.2 entitles you to the "personnel files maintained by any law enforcement agency regarding any agent who participated in the investigation . . . ." To the extent that this overbroad and unfounded request seeks criminal history reports as contemplated by Local Rule 116.2(b)(1)(A), we have already produced such reports. To the extent this request encompasses materials governed by Local Rule 116.2(b)(2)(A) of the United States District Court for the District of Massachusetts with regard to a witness we anticipate calling in our case-in-chief, we anticipate producing materials governed by that Rule twenty-one days before the trial date, as the Rule itself contemplates; any such "twenty-one day" materials will be collected in accordance with our Office's general practice.

B.8. As you note, we have produced to you documents identifying by name a witness who has been given a promise, reward or inducement; these documents also include a copy of such promises, rewards, or inducements reduced to writing. As such, we have produced to you exactly what is contemplated by Local Rule 116.2(b)(1)(C). To the extent this request encompasses materials governed by Local Rule 116.2(b)(2)(A) of the United States District Court for the District of Massachusetts with regard to a witness we anticipate calling in our case-in-chief, we anticipate producing materials governed by that Rule twenty-one days before the trial date, as the Rule itself contemplates.

B.9. Items sought beyond the agreements already produced are beyond the scope of discovery contemplated by Rule 16 and Local Rule 116.2.

B.10. To the extent this request encompasses materials governed by Local Rule 116.2(b)(2)(A) of the United States District Court for the District of Massachusetts with regard to a witness we anticipate calling in our case-in-chief, we anticipate producing materials governed by that Rule twenty-one days before the trial date, as the Rule itself contemplates, including the offense conduct that the government submitted to the Probation Department. The government will not produce the entirety of any initial or pre-sentence reports, but rather only those portions of such a report--if they exist--that are required to be produced under the Rule.

B.11. To the extent that this request encompasses materials governed by Local Rule 116.2(b)(2)(A) of the United States District Court for the District of Massachusetts with regard to a witness we anticipate calling in our case-in-chief, we anticipate producing materials governed by that Rule twenty-one days before the trial date, as the Rule itself contemplates.

B.12. This request is vague, overbroad, and beyond the scope of discovery contemplated by Rule 16 and Local Rule 116.2. To the extent that this request seeks statements of a testifying witness pursuant to Federal Rule of Criminal Procedure 26.2 and 18 U.S.C. § 3500, we will produce such statements in the timeframe contemplated by that Rule, and in accordance with our Office's general practice.

B.13. We interpret this request as seeking communications related to the charges in the Superseding Indictment. As you are aware, we have produced copies of audio and video recordings of communications between the defendants, the undercover agent, and others. Also, on April 12, 2012, we provided copies of e-mail communications that have been available for review since February. We are unaware of other documented communications. In the event that we become aware of other such documented communications, we will advise you at that time and provide you with the same.

B.14. It is not clear to us under what Rule you would be entitled to, for instance, billing records of telephones used by agents to communicate with each other. To the extent you are seeking billing records reflecting telephone calls placed by the CW that relate to the charges in the Superseding Indictment, we do not currently have such records. If we do receive the records, we anticipate producing redacted copies of the same. The remainder of the request is vague, overbroad, and beyond the scope of discovery contemplated by Rule 16 and Local Rule 116.2.

B.15. This request is vague, overbroad, and beyond the scope of discovery contemplated by Rule 16 and Local Rule 116.2. Indeed, this request appears to seek documents reflecting *any* prior investigation by *any* government authority (local, state, federal, or international; civil, regulatory or criminal) at *any* point in time prior to July 14, 2011. Consistent with the government's discovery obligations under Rule 16 and Local Rule 116.2, we have produced, and will continue to produce, materials in the possession of the United States Attorney's Office for the District of Massachusetts and the Federal Bureau of Investigation concerning the investigation of Berman and China Wi-Max that led to the charges in the Superseding Indictment.

B.16. No searches of China Wi-Max or any agent of China Wi-Max were conducted in connection with the investigation that led to the charges in the Superseding Indictment. As noted above, the other materials referenced in Section A.3 of the February 14, 2012 letter to you have been available for your review since that time.

B.17. No searches of Northern Equity, Inc. or any agent of Northern Equity, Inc. were conducted in connection with the investigation that led to the charges in the Superseding Indictment. As noted above, the other materials referenced in Section A.3 of the February 14, 2012 letter to you have been available for your review since that time.

B.18. This request is beyond the scope of discovery contemplated by Rule 16 and Local Rule 116.2.

B.19. Prior to trial, the government will provide reasonable notice of the general nature of any evidence it intends to offer pursuant to Federal Rule of Evidence 404(b).

B.20. This request is beyond the scope of discovery contemplated by Rule 16 and Local Rule 116.2.

B.21. We will provide copies of any charts, summaries or other documents that the government intends to offer pursuant to Federal Rule of Evidence 1006 prior to seeking their admission at trial.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By: [signature]
Sarah E. Walters
Vassili Thomadakis
Assistant U.S. Attorneys

cc: Clerk of the Court (by ECF)
Defense counsel (by ECF)