UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
11cr10415-NMG

UNITED STATES OF AMERICA

v.

**JAMES PRANGE et. al.**

**SCHEDULING ORDER AND ORDER EXCLUDING TIME**

**May 14, 2012**

SOROKIN, M.J.

In light of the volume of discovery in this case, the unexpected surgery of counsel for one defendant and at the request of all parties, the Court hereby directs that any motions for discovery shall be filed by June 29, 2012 with oppositions, if any, by the Government due by July 30, 2012.  The Court will hold a combined hearing on the discovery motions and status conference on **August 2, 2012** at 3:00 p.m.

With the agreement of the parties, this court finds and concludes, pursuant to the provisions of 18 U.S.C. § 3161(h)(7)(A) and Section 5(b)(7)(b) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective December 2008), that for the reasons checked below:

\_\_X\_\_        to provide defendant(s) and/or defense counsel further time to
               review the case;

_X_    to provide defendant(s) and/or defense counsel further time to investigate and evaluate the case;

_X_    to provide defendant(s) and/or defense counsel further time to review the discovery, evaluate the discovery, informally request further discovery pursuant to the Local Rules and/or prepare any discovery motions;

__X_    to provide defendant(s) and/or defense counsel further time to decide whether to file pretrial motions and, if so, to prepare pretrial motions;

__    to provide the government further time to produce discovery to the defendant(s);

__    due to unavailability of counsel at the time of the status conference and to allow counsel additional time to prepare for the status conference;

__    due to the parties' request to engage in plea negotiations;

__    due to defendant's request for time to obtain counsel;

__    _____

the interests of justice warranting a continuance and delay in the trial outweigh the interests of the public and/or the defendant in a speedy trial.

Accordingly, it is hereby ordered that, pursuant to the provisions of 18 U.S.C. § 3161(h)(7)(A) and Section 7(b) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective

December 2008), the Clerk of this Court enter excludable time for the period **May 17, 2012** through **August 2, 2012** is EXCLUDED from the Speedy Trial Act.[1]

           / s / Leo T. Sorokin
           LEO T. SOROKIN
           UNITED STATES MAGISTRATE JUDGE

Q:\Forms\11cr10415 Prange Status Order and Exclude Time.wpd

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within ten (10) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge.  The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto.  The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law.  The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review.  See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. March 31, 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).